People of the State of Illinois ex rel. Frank Cifaldi, Plaintiff-Appellee, v. Orlando W. Wilson, Superintendent of Police of the City of Chicago, William E. Cahill, Earl S. Strayhorn, and Reginald DuBois, Members of and Constituting the Civil Service Commission of the City of Chicago, and William G. Milota, Treasurer of the City of Chicago, and Alvin L. Weber, Comptroller of the City of Chicago, Defendants-Appellants.

Gen. No. 48,607.

First District, Second Division.

October 23, 1962.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Rita Ivy Epstein, Assistant Corporation Counsel, of counsel), for appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Relator brought an action for a writ of mandamus directing defendants to reinstate him to duty as a patrolman in the classified service of the Chicago Police Department, with credit for seniority from September 20, 1957, the date of his removal. Defendants appeal from a judgment entered on the pleadings directing that the writ issue commanding them to reinstate the relator with seniority from September 20, 1957.

The pleadings show that some time prior to November 16, 1956, Cifaldi filed an application to take an examination for the position of patrolman in the classified service of the Chicago Police Department. On the application he stated that he resided at 2718 North Harding Avenue, Chicago, that he was a resident of Chicago from 1934 to 1956, and that his address during the last year was 1614 S. Mayfair, Westchester. He took and passed the physical and written portions of the examination given on November 16, 1956 and March 30, 1957, respectively. He was certified for appointment on July 1, 1957 and appointed on July 16, 1957. On September 18, 1957, the Director of Personnel of the Chicago Police Department wrote the Commissioner of Police advising him that Cifaldi had given his address as 1614 S. Mayfair, Westchester, for

the period September, 1954 to September, 1956, on the Police Department questionnaire; that the final date for filing applications for the examination Cifaldi took was November 11, 1956, and that therefore he was ineligible to take the examination for patrolman under the Civil Service Rules and Regulations, which provide that the applicant shall have been a resident of Chicago for at least one year next preceding the date of examination. He recommended that Cifaldi be suspended from duty. On September 20, 1957, the Commissioner of Police wrote to the Civil Service Commission advising that Cifaldi was suspended and requested authority to discharge him for the foregoing reason. The Commission granted authority to discharge him. On October 2, 1957, Cifaldi was discharged as a probationary patrolman.

Defendants insist that relator's action is barred by laches, pointing out that he was a probationary police officer discharged on October 2, 1957, and that his complaint for mandamus was not filed until February 9, 1959, 16 months later. In People ex rel. Ballinger v. O'Connor, 13 Ill App2d 317, 142 NE2d 144, where a probationary patrolman was discharged on November 21, 1953, and brought his action on November 1, 1954, slightly less than 12 months later, the court said (329):

"It is apparent from these decisions that our courts have taken the view that the bar of laches applies both to certiorari and mandamus and that six months has been established as the limitation period during which petitions for such writs must be filed, unless a reasonable excuse is shown for the delay."

Ballinger, by way of excusing the delay in filing his action relied on a conversation with the Chief Surgeon of the Police Department in which the latter told him he would see what he could do. He claimed that this

lulled him into inaction. The court, in rejecting the proffered excuse, said (331) : "There was a duty resting upon the petitioner under all the facts and circumstances to promptly assert his claim." In the instant case relator does not offer any excuse for his leisurely attitude. He does not claim back salary. He obtained other employment. The fact that he obtained employment shortly after the discharge took place indicates that he knew of his discharge at that time. See also People ex rel. McNamara v. O'Connor, 12 Ill App2d 481, 139 NE2d 836 (Abst) ; People ex rel. King v. City of Chicago, 147 Ill App 591, 593; Clark v. City of Chicago, 233 Ill 113, 84 NE 170.

Relator relies on the rule that laches is not mere passage of time and that since the defendants failed to establish the existence of any detriment, relator's action is not barred short of the period of the Statute of Limitations. We do not think that the cases cited by relator are applicable to a civil service case. In the Ballinger and McNamara cases we recognize the special circumstances pertaining to civil service cases. The fact that relator here waives his back salary does not make the rule of laches, relied on in the cases cited by defendants, inapplicable to the facts of the instant case. We conclude that relator's delay of 16 months between the time of his discharge and the filing of his complaint bars the relief he seeks.

Therefore the judgment is reversed and the cause is remanded with directions to enter judgment against relator.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.