People of the State of Illinois, ex rel. John J. Cronin, Plaintiff-Appellee, v. William E. Cahill, Reginald J. DuBois and Quentin J. Goodwin, Members of and Constituting the Civil Service Commission of the City of Chicago, and Orlando W. Wilson, Superintendent of Police of the City of Chicago, Defendants-Appellants.

Gen. No. 52,785.

First District, Fourth Division.

July 30, 1969.

Rehearing denied and supplemental opinion
December 31, 1969.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Joseph N. Lascaro, Assistant Corporation Counsel, of counsel), for appellants.

Duffy and Jordan, of Chicago (Thomas J. Duffy, Forbes E. Jordan and John J. Turner, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Relator filed a petition for a writ of mandamus on June 19, 1967, against the defendants to compel them to certify and appoint him as a Captain of the Chicago Police Department. Defendants appeal from a judgment after trial awarding such a writ to the relator, and from the denial of their motion to vacate the judgment. While defendants have raised several issues on appeal, we consider it necessary to discuss only their contention that relator was not entitled to the writ of mandamus because of laches.

The pleadings reveal that Lieutenant John J. Cronin took an examination held by the Civil Service Commission of the City of Chicago for the position of Captain of Police. The examination took place on January 23, 1965, and the eligibility list for promotion to Captain was posted on March 24, 1965. Relator charged that through an error * he was given an efficiency rating of 83 rather than 92 by the Chicago Police Department, and that the incorrect efficiency rating was sent to the Commission. As a result of the error, relator's final grade average

---

* The error charged in the complaint was not a clerical one, but was the failure of the Chicago Police Department to give plaintiff as his final efficiency mark the rating given to him by his immediate superior.

was entered as 74.37 instead of 77.07 and he was placed No. 56 on the eligibility list. If he had been given an efficiency rating of 92, he would now be No. 10 on the list and eligible for immediate appointment to Captain.

The defendants pleaded that petitioner was guilty of laches, and also set forth a Chicago Police Department order, approved by the Civil Service Commission, which defined methods and procedures to be used in determining efficiency ratings for candidates for promotion to the rank of Captain. A Lieutenant was rated by his immediate superior, whose preliminary rating report was reviewed by a Rating Board created by the Superintendent of Police. This board gave the final efficiency rating, which would be forwarded to the Superintendent for review and approval, and then forwarded to the Commission. Since the publication of said promotional list, 17 Lieutenants had been promoted to the rank of Captain.

At trial, Captain Francis J. Lynch, Cronin's immediate superior on the department, testified that he gave Cronin an efficiency rating of 92. Cronin testified that he learned of that mark from Lynch a few months after the promotion list was posted in 1965. He learned of his final efficiency grade of 83 when he visited the Commission about two years after the examination. He waited the two years before going to the Commission because at the time the list was posted, he expected that 75 men would be made Captains, and he was No. 56 on the list. He inquired at the Commission when his expectation did not materialize.

In their post-trial motion, defendants, among other points, attached an affidavit from Colonel John C. Bucher, Personnel Director of the Chicago Police Department, which stated that if all the candidates for promotion to Captain received their preliminary efficiency rating as their final grade as sought by relator, there would be

20 candidates whose grade averages would be higher than relator.

Laches is such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, as will operate as a bar to a suit. Ring v. Lawless, 190 Ill 520, 60 NE 881 (1901). And the doctrine of laches is applicable to mandamus proceedings. People ex rel. Mulvey v. City of Chicago, 292 Ill App 589, 12 NE2d 13 (1937).

In People ex rel. Ballinger v. O'Connor, 13 Ill App2d 317, 142 NE2d 144 (1957), this court stated at page 329:

> ". . . our courts have taken the view that the bar of laches applies both to certiorari and mandamus and that six months has been established as the limitation period during which petitions for such writs must be filed, unless a reasonable excuse is shown for the delay."

In accord, People ex rel. Cifaldi v. Wilson, 38 Ill App2d 302, 187 NE2d 353 (1962).

In the instant case, the examination took place on January 23, 1965, and the eligibility list was posted on March 24, 1965. The petition for mandamus was filed on June 19, 1967. Consequently the proceedings were instituted 27 months after the posting of the eligibility list for Captain. We hold that relator's inordinate delay in prosecuting this action bars him from relief.

Relator attempts to distinguish the Ballinger and Cifaldi cases, supra, by arguing that those cases involved the discharge of policemen, where the facts of dismissal became immediately known to all parties, while here he did not learn his efficiency rating until he visited the Commission two years later. However we believe that the 6-month limitation rule enunciated above is just as

21

appropriate and necessary in the case at bar as in proceedings concerned with the discharge of civil service employees. Relator cannot be permitted to sleep on his rights and agree to what has been done without taking action, especially where the means of ascertaining the facts were readily available had inquiry been made. He learned of the preliminary efficiency rating which he had received from his immediate superior shortly after the posting of the list. He knew that his posted grade contained an evaluation of his efficiency. He also knew that information about his final efficiency rating and about his posted grade was always available to him at the Commission. Nevertheless, expecting to be promoted, he waited two years before even making an inquiry of that body. His own testimony revealed that he was negligent in protecting his rights. Particularly in the instant case, there was an obvious need for prompt action by relator. Seventeen Lieutenants had been promoted to Captain from the list. Moreover, if all candidates for promotion to Captain had received their preliminary efficiency rating as their final efficiency mark, there would be 20 candidates whose grade averages would be higher than relator's posted average. Relator would be given unfair advantage over the other candidates for promotion; and further, the Commission would be confronted with insoluble problems in determining the status of the grades of the other candidates years after the examination. Thus the issuance of a writ in favor of relator would not only cause confusion to the public service, but would be prejudicial and harmful to the morale and discipline of the police department.

It has been held that the limitation period for seeking mandamus writs would be six months unless reasonable excuse is shown for the delay. Schultheis v. City of Chicago, 240 Ill 167, 88 NE 563 (1909); People ex rel. Ballinger v. O'Connor, supra; People ex rel. Cifaldi v. Wilson, supra. Here the only explanation offered for the

27-month delay in instituting proceedings was relator's testimony that he expected 75 men to be promoted from the list, and since he was No. 56, he anticipated that he would be promoted. Such a vague expectation on his part, unsupported by any fact, was insufficient to justify relator's inaction for a period of more than two years. Clearly, it did not constitute a reasonable excuse for such an inordinate delay in taking action.

The judgment of the Circuit Court is reversed.

Judgment reversed.

DRUCKER, P. J. and STAMOS, J., concur.

### Supplemental Opinion on Rehearing

█ In his petition for rehearing, relator questions the propriety of this court's reference in its opinion to an affidavit made by Colonel John Bucher, Personnel Director of the Chicago Police Department. This affidavit was filed by defendants with their post-trial motion to vacate the writ of mandamus. In making such an argument relator overlooks the fact that in his brief he invited this court's consideration of the affidavit, and stated specifically in that brief that "we have no hesitance in going to the heart of the matter and referring to the affidavit of Colonel John Bucher." We agree with relator that the affidavit in question is the heart of the matter, and we believe that an examination of that affidavit and of the chronology of these proceedings is necessary.

The civil service list in question was posted on March 24, 1965. Twenty-seven months later, on June 19, 1967, this suit for mandamus was instituted. Service of summons was had on defendants June 20, 1967, returnable June 26. Defendants filed a motion to dismiss the lawsuit on the grounds of laches on June 26; the trial

23

court denied that motion on June 28, and set the cause for trial on July 7, 1967. The assistant Corporation Counsel representing defendants objected to this early trial date, observing that there was a 4th of July holiday weekend intervening and that defendants would not have time to go through their records and prepare for trial. On July 7, the trial court again denied defendants' motion for a continuance, and the cause proceeded to trial immediately. The writ was entered on July 12, 1967 ordering defendants to change relator's efficiency mark from 83 to 92, ordering his grade average changed from 74.37 to 77.07 and further ordering that relator be certified and appointed as Captain of Police. On August 9, 1967, defendants filed a motion to vacate the writ, attaching the aforementioned affidavit of Bucher. Bucher's affidavit contained an exhibit which listed the performance ratings of all the Lieutenants who took the examination and which indicated that if all of the applicants had received their preliminary rating grade from their superior officers as final marks, there would be 20 candidates whose grades would be higher than relator's posted average. The affidavit stated that after a promotion list was posted for over two years, it was the policy of the Chicago Police Department to destroy records of proceedings for the rating of candidates, and that as a result, almost all said records concerning this examination had been destroyed. The affidavit went on to say that a diligent search had been made within the limited time allowed to defendants prior to trial, but that this exhibit had not been located until after trial. The affidavit also stated that Special Order No. 64–70 of the Chicago Police Department set forth procedures to be followed in rating Lieutenants, that said procedures did not require interviews of superior officers, and that at no time did the Police Rating Board interview such preliminary raters or superior officers.

24

In view of the facts and circumstances of this case, and because of the position of relator as expressed in his brief, we believe that this court properly considered the uncontradicted affidavit accompanying defendants' post-trial motion.

In his petition for rehearing, relator for the first time cites Kadon v. Board of Fire and Police Com'rs of the Village of River Forest, 45 Ill App2d 425, 195 NE2d 751 (1964). In that case, while holding that the 6-months' limitation period to seek judicial relief is limited to those civil service employees seeking reinstatement after a discharge alleged to be contrary to law, the court held that what constitutes laches is to be determined by the circumstances of each case. Kadon placed third in a promotional examination for Fire Department Lieutenant in 1951. In 1956, when he was first on that list, the Board held another examination. Kadon protested, and was informed by a member of the Board that he did not have to take the 1956 examination. He did not take the examination, and the Board added him to the 1956 list, placing him second to Riley. A vacancy occurred in 1960, and the Board announced that Riley would be promoted. Kadon again protested, and when he did not hear from the Board, brought an action for declaratory judgment. He was successful in the trial court, and in affirming the judgment, this court held that Kadon was not guilty of laches. The court held that Kadon did not delay in asserting his rights, that he took his stand before the 1956 examination and maintained it afterwards. The court also found that there was no lack of notice on the part of the Board as to Kadon's assertion of his rights. The court finally held that no prejudice had accrued to the Board as the result of the delay, and that the only party who would suffer injury if Kadon were granted relief was Riley who had been wrongfully appointed by the Board. In the case at bar, although relator learned

25

of the preliminary rating given to him by his superior officer shortly after the list was posted, he waited over two years to inquire of the commission about his final efficiency mark. Moreover, defendants had absolutely no knowledge that relator intended to assert any right against them. And finally, as we have indicated, great prejudice would accrue to the other candidates and to the morale of the entire Police Department if relief were granted to the relator.

We recognize the well settled principle that the question of laches is addressed to the sound discretion of the trial judge, and that his decision will not be set aside unless it is so wrong as to constitute an abuse of discretion. We find in the instant case that the finding of the trial judge that relator was not guilty of laches amounted to an abuse of discretion. Consequently, we reaffirm our finding that relator's inordinate delay in commencing any action constituted laches, and barred him from any relief.

Relator's petition for rehearing is denied.