THE PEOPLE *ex rel.* MAURICE J. SULLIVAN, Plaintiff-Appellee, *v.* SIDNEY D. SMITH *et al.,* Defendants-Appellants.

(No. 54018;

First District—May 28, 1971.

Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Richard F. Friedman, Assistant Corporation Counsel, of counsel) for appellants.

Michael F. Ryan, of Chicago, (Robert A. Deane, of counsel,) for appellee.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

This is an appeal by defendants from an order of the Circuit Court for the issuance of a writ of *mandamus* commanding the reinstatement

of Maurice Sullivan (hereinafter "plaintiff") to the position of Housing Inspector (now Code Enforcement Inspector I) in the classified service of the Department of Buildings in Chicago.

Plaintiff was employed as a Housing Inspector in the Department of Buildings. He was suspended and Civil Service charges were filed against him. The charges were later withdrawn and he took a one-year leave of absence starting May 8, 1965. Emmet J. Duffey, Assistant Commissioner of Buildings, testified that the consideration for the withdrawal of the charges was the ultimate abandonment by plaintiff of his position.

On April 6, 1966, plaintiff wrote the Commissioner of Buildings, Sidney Smith, requesting reinstatement to his former position. On May 8, 1966, plaintiff personally visited Smith and Duffey to request reinstatement. No action was taken by either. Over one year later, on August 10, 1967, plaintiff's attorney sent a letter to Smith entitled, "Notice and Demand," requesting that plaintiff be reassigned to duty as a Housing Inspector and that he receive the salary attached to his former position since the expiration of his leave of absence. No action was taken thereon. Then, on December 5, 1967, plaintiff filed his petition for a writ of *mandamus.*

The Department of Buildings, meanwhile, had hired temporary employees, according to plaintiff, to perform the duties of Housing Inspectors.

Defendants' position is that plaintiff is guilty of laches in waiting 19 months after the expiration of his leave of absence to file his petition for a writ of *mandamus.* In support of this contention, defendants cite *People ex rel. Ballenger v. O'Connor,* 13 Ill.App.2d 317. In that case the court was considering the effect of an 11-month delay from the time a probationary police officer was discharged to the time he filed his petition for a writ of *mandamus* seeking reinstatement. The court, after an examination of cases involving the defense of laches, concluded at page 329:

> "It is apparent from these decisions that our courts have taken the view that the bar of laches applies both to certiorari and mandamus and that six months has been established as the limitation period during which petitions for such writs must be filed, unless a reasonable excuse is shown for the delay."

In another case involving a probationary police officer seeking reinstatement by a writ of mandamus 16 months after discharge, the court reaffirmed the 6-month rule in the *Ballinger* case and held:

> "Relator relies on the rule that laches is not mere passage of time and that since the defendants failed to establish the existence of any detriment, relator's action is not barred short of the period of the Statute of Limitations. We do not think that the cases cited

by relator are applicable to a civil service case. In the Ballinger and McNamara cases we recognize the special circumstances pertaining to civil services cases. \* \* \* We conclude that relator's delay of 16 months between the time of his discharge and the filing of his complaint bars the relief he seeks."
*People ex rel. Cifaldi v. Wilson,* 38 Ill.App.2d 32, 305.

Plaintiff attempts to distinguish the cases cited above from the instant case, pointing out that the plaintiffs in those cases were probationary employees, while in the instant case he had been certified to his position. We consider such a distinction irrelevant to the reasons for the rule. The rationale for the six-month rule was stated in *Kadon v. Board of Fire and Police Com'rs,* 45 Ill.App.2d 425, 430:

"Delay in prosecuting a cause of action is one of the elements of laches and its importance is relative to the action involved. In some types of action it is the most important element. \* \* \* in civil service cases, where prolonged delay may easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties, time is an essential factor. The most stringent requirement timewise is in those cases brought by civil service employees to compel reinstatement and payment of back salaries after discharges alleged to be illegal. A rule has been established that if these actions are not brought within six months of the discharge they will be barred on the ground of laches, unless a reasonable explanation can be given for the delay."

See also *People ex rel. Cronin v. Cahill,* 118 Ill.App.2d 18, 21-22; and *Kenneally v. City of Chicago,* 220 Ill. 485, 503-04.

The instant case fits squarely within the rule enunciated in the above cases. Plaintiff introduced no evidence to explain his delay. Third persons have necessarily performed the duties of plaintiff's former position and have been compensated therefor. Plaintiff's request for reinstatement and compensation for the 19 months since the expiration of his leave of absence—at which time he could have brought this action—unquestionably prejudices defendant City of Chicago, which, if plaintiff were to succeed, would be required to pay for the same services twice over a substantial period of time. This is one of the reasons why delay alone is inherently prejudicial in cases of this type, and gave rise to the 6-month laches rule.

Plaintiff has cited authority discussing the general requisite of proving prejudice for sustaining the defense of laches. (*Motel v. Andracki,* 299 Ill. App. 166, 172-73; *Cross v. Janes,* 327 Ill. 538, 546.) These cases are inapplicable, as we have pointed out, because prejudice as a result of

passage of time is inherent in cases such as this and need not be specially proved.

The judgment of the Circuit Court amounted to an abuse of its discretion, and is therefore reversed.

Judgment reversed.

DRUCKER and LORENZ, JJ., concur.