OSCAR DIXON, Plaintiff-Appellant, *v.* WILLIAM E. CAHILL *et al.,* Defendants-Appellees.

(No. 56499;

First District (5th Division)—March 16, 1973.

Elmer Gertz, of Chicago, (Wayne B. Giampietro, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from the dismissal of his complaint for *mandamus* and an accounting asking that he be given a copy of the seniority list for truck drivers by the Chicago Civil Service Commission, that a suspension be deleted from his employment record and that he be awarded back pay for a two and one-half month layoff and for periods of time when he was allegedly denied the opportunity to work overtime. The defendants filed a motion to "Strike and Dismiss" the complaint. After a hearing on the motion at which arguments of counsel were heard, the court concluded that plaintiff had shown no clear legal right to the production of the seniority list and that the other relief sought was barred by the doctrine of *laches.*

On appeal plaintiff contends that the complaint did show a clear legal right to the relief sought. He has failed to address the issue of *laches* in his brief filed in this court. The defendants did brief the issue but plaintiff filed no reply brief. During oral argument counsel for plaintiff contended that the doctrine of *laches* was improperly invoked because it was a factual issue and therefore should not have been decided on a motion to dismiss.

Plaintiff's complaint, filed on May 3, 1971, alleged that after passing civil service examination No. 6965 for truck drivers on October 13, 1965, plaintiff was assigned to the Central Office of the Bureau of Sanitation of the City of Chicago as a street sweeper; that on November 24, 1969, he was transferred over protest to the Bureau of Equipment in violation of the Rules of the Civil Service Commission since there were other employees in the Bureau of Sanitation with less seniority than the plaintiff; that as a result of the transfer he lost the opportunity to work overtime in the Bureau of Sanitation at the Central Office; that on December 21, 1969, and again on January 11, 1970, plaintiff requested a copy of the "revised" list of the results of examination No. 6965 from the Commission but was refused such on both occasions; that on February 2, 1970, he was laid off from the Bureau of Equipment in violation of Rule IX of the Commission and was given a suspension for 29 days without a hearing although he requested one; that he was reassigned to work on April 15, 1970, in the Bureau of Sanitation at the Central Office; that on November 17 he was again transferred from the Central Office to an office at 103rd Street and Doty as a garbage truck driver; that this

was in violation of his seniority rights and once again deprived him of the opportunity to work overtime at the Central Office; that on March 29, 1971, he was transferred back to the Central Office of the Bureau of Sanitation where he is still employed. A further claim was made that on several occasions he was denied a copy of the Civil Service Commission Rules upon request; it is not mentioned when the alleged requests were made. (At the hearing plaintiff acknowledged that he had a copy of the Rules; his counsel was unaware of this fact.)

The defendants filed a motion for a Bill of Particulars to which plaintiff responded that on December 21, 1969, he sent a letter to the Civil Service Commission requesting a copy of the "revised" list of persons who took examination No. 6965 for truck drivers in October 1965 (the letter stated that plaintiff had a copy of the "original" list); in response he received a letter from the Secretary of the Commission stating that the Commission did not have a copy of the "revised" list. The Bill of Particulars further stated that when plaintiff was laid off on February 2, 1970, he asked his employer to lay off someone with less seniority; he was informed that he had no seniority rights.

The defendants' motion to "Strike and Dismiss" the complaint stated that plaintiff had shown no clear right to the relief sought; that plaintiff's intra-departmental transfers were in compliance with the Rules of the Civil Service Commission; that his claim as to the layoff and suspension was barred by *laches;* and that the complaint was fatally defective for failing to join the head of the Department of the Bureau of Streets and Sanitation as a party to the action. As noted earlier, the motion was granted on the grounds that plaintiff had shown no clear legal right to the production of the seniority list and that the other relief sought was barred by *laches.*

*Opinion*

Plaintiff complains of three financial injuries, a suspension and the related "refusal" of the Commission to supply him with the seniority list for truck drivers. The financial injuries are first, the loss of overtime work due to the alleged illegal transfer from the Bureau of Sanitation to the Bureau of Equipment on November 24, 1969; [1] second, the loss of pay due to the layoff from the Bureau of Equipment from February 2, 1970, to April 15, 1970 (when he was reassigned to the Bureau of Sanitation, Central Office); and third, the loss of overtime work due to the alleged illegal transfer from the Central Office of the Bureau of Sanitation to its office at 103rd and Doty on November 17, 1970.

---

[1] Both Bureaus are divisions within the Department of Streets and Sanitation.

■■ We believe that plaintiff is barred from any remedy as to the first two alleged financial injuries by the doctrine of *laches. Laches* is the neglect to assert a right or claim which, taken together with the lapse of time and circumstances causing prejudice to the opposite party, will bar a complaint in equity. *Schoenbrod v. Rosenthal,* 36 Ill.App.2d 112, 183 N.E.2d 188.

■■ Delay in prosecuting a cause of action is one of the elements of *laches* and its importance is relative to the action involved. As stated in *Kadon v. Board of Fire and Police Commrs.,* 45 Ill.App.2d 425, 430, 195 N.E.2d 751:

> "[I]n civil service cases, where prolonged delay may easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties, time is an essential factor."

*Kadon* went on to note that in civil service discharge cases the general rule is that an action must be brought within six months of the allegedly illegal discharge unless there is a reasonable explanation for the delay. See *People ex rel. Cifaldi v. Wilson,* 38 Ill.App.2d 302, 187 N.E.2d 353; *People ex rel. Ballinger v. O'Connor,* 13 Ill.App.2d 317, 142 N.E.2d 144.

In the instant case, from the face of the complaint, it appears that the first transfer complained of occurred more than 17 months prior to the filing of the complaint. The layoff and suspension complained of occurred about 15 months prior to the filing, and, with respect to the layoff, 14 months after plaintiff had a statutory right to a hearing regarding its propriety since it then exceeded 30 days.[2] No reasonable explanation is given for the delay.

■■ Contrary to plaintiff's assertion during oral argument, the defense of *laches* may be considered on a motion to dismiss a complaint if its applicability appears from the face of the complaint or by affidavits submitted with the motion. *Holland v. Richards,* 4 Ill.2d 570, 574, 123 N.E.2d 731; *Schoenbrod* at 122; Ill. Rev. Stat. 1969, ch. 110, par. 48(1)(i).

■■ In reaching our aforementioned conclusion we are mindful that the six month rule does not apply as strictly in cases such as this one where there was no lengthy layoff or permanent discharge, (see *Kadon* at 430, 431; *People ex rel. Heavy v. Fitzgerald,* 10 Ill.App.3d 24.) since the city would not be required to pay twice for the same work done over a substantial period of time. (See *People ex rel. Sullivan v. Smith,* 133

---

[2] Ill. Rev. Stat. 1969, ch. 24, par. 10—1—18, provides in relevant part:
"Except as hereinafter provided in this section, no officer or employee in the classified civil service of any municipality * * *, may be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense. * * *."

Ill.App.2d 218, 272 N.E.2d 755.) But the prejudice to the governmental body by extensive delays in the filing of legal actions, in its ability to function in an orderly manner, including its duty to comply with the established law, may be seen from a review of the facts here. Plaintiff's first alleged illegal transfer occurred more than 17 months before the complaint for *mandamus* was filed; the second transfer occurred about one year later. If plaintiff had sought a reasonably prompt review of the Commission's actions as to the first transfer, and it was found to have been illegal, the Commission would have been in a position to avoid liability for the subsequent transfer since the claim as to both transfers was based on the same theory, *i.e.*, they violated plaintiff's seniority rights.

We further note that in cases where the six month rule has been held inapplicable (*Kadon* and *Heavy*) the delay in filing was caused by actions of the defendants. In *Kadon* a police officer was denied the right to a promotion when the Village Board used an improper promotional list as a basis for making its promotions. The plaintiff did not file the action for several years after the initial illegal act but he was led to believe by the Board members that the proper promotional list would be used when a promotional opportunity arose. When the improper list was used as a basis for the promotion, plaintiff promptly filed his action. In *Heavy* plaintiff was suspended on May 8, 1970, because criminal charges were pending against him. He was told by his employers that he would be rehired once the criminal charge was cleared up. On May 6, 1971, plaintiff was cleared of the charge and sought reinstatement. The defendants sought to bar his action by the doctrine of *laches* since plaintiff could have brought suit 30 days after his initial suspension under Ill. Rev. Stat. 1969, ch. 24, par. 10—1—18, *supra*, note 2. The court held that plaintiff justifiably relied on his employer's representations as to reinstatement and that the delay in bringing the action was therefore reasonable and not barred by *laches*.

██ In the instant case plaintiff's delay in filing suit was not prompted by acts or statements of the defendants. The record shows that plaintiff felt he was being mistreated at the time of his first transfer and when he was laid off. He requested a "revised" list for those who had taken examination No. 6965 and was advised that the Commission had no copy of the "revised" list. Thereafter he took no action and alleged no facts justifying this delay. We believe that the trial court properly ruled that plaintiff was barred from recovering back pay due to the first two injuries alleged—loss of overtime due to the first transfer and loss of pay during the layoff. The request for deletion of the suspension in February

1970 would similarly be barred by *laches*. See *People ex rel. Cronin v. Cahill*, 118 Ill.App.2d 18, 254 N.E.2d 161.

■■ As to the alleged illegal transfer of November 17, 1970, (five and one-half months prior to filing) any injury incurred thereby would not be barred by *laches* and thus we address the merits of plaintiff's claim that he was illegally deprived of overtime work by this transfer. Rule VIII of the Chicago Civil Service Commission Rules governs and provides in relevant part:

> "Section 1. Transfers allowed. Transfers of officers or employees may be made from one position to another position in the same class within a department by the head of such department. Notice of such transfers shall be given to the Commission    *    *    *.
>
> Section 2. Transfers not Allowed. No transfer shall be made to avoid a layoff, and employing officers shall so certify to the Commission."

Plaintiff's claim as to illegality is that there were other men at the Bureau of Sanitation's Central Office with less seniority than himself at the time of transfer; that they should have been transferred rather than himself.

■■ We find nothing in the above rule nor in any other Commission Rule which relates transfers from one position in a department to another position of like classification within the same Department to one's seniority.[3] The only prohibition as to transfers is that they not be made to avoid layoffs. Plaintiff does not allege that his transfer was a "layoff" since he was still employed in the Bureau of Sanitation after the transfer but at another office.[4] Furthermore, even if a transfer which had the effect of depriving one of working overtime could be labeled a "layoff," Rule VIII, Section 2, obviously prohibits only those transfers made for the purpose (*i.e.*, with the intent) of avoiding a layoff. There is no alle-

---

[3] In fact, Rule I, Section 2(e), which defines the word "Class" as it is used in the Rules, provides:

> "[A class is] a group of positions with duties and responsibilities sufficiently alike to require of new employees the same experience, abilities,    *    *    *; to justify common treatment in selection; *and to permit interchange of employees without material loss of efficiency after a brief training period;    *    *    *.*" (Emphasis supplied.)

The definition indicates that the facilitation of interchange of similarly classified personnel is one of the objects of the Rules.

[4] The type of layoff to which Section 2 of the Rule apparently applies is one where an employee is transferred from job A to job B within a department because of an impending layoff as to job A. Plaintiff's claim is based on a transfer from A to B causing lost overtime wages due to the greater amount of work available at A.

gation in the complaint that the transfer of November 17, 1970, was made for the purpose of depriving plaintiff of overtime work nor any factual statements supporting such an allegation. Therefore we believe that plaintiff has shown no clear legal right to the relief sought.

In view of our determination, we find no reason to consider plaintiff's request for the seniority list.

The judgment is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.