JERRY COLEMAN, Plaintiff-Appellant, v. JAMES O'GRADY, Sheriff of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—1571

Opinion filed December 12, 1990.

*Justice Freeman concurred in this opinion prior to his election to the Illinois Supreme Court.

Rick M. Schoenfield, of Ettinger & Schoenfield, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan T. Agnew, Assistant State's Attorney, of counsel), for appellee.

JUSTICE FREEMAN* delivered the opinion of the court:

Plaintiff, Jerry Coleman, filed a complaint for administrative review of his termination as a deputy sheriff against the sheriff of Cook County, his director of inspections and internal affairs division (hereinafter collectively the Sheriff) and the Cook County Sheriff's Merit Board (Merit Board). The original complaint was dismissed on the ground that, contrary to his allegation therein, plaintiff had not been terminated by the Merit Board. Thereafter, plaintiff filed a first amended complaint alleging that his termination by the Sheriff without a Merit Board hearing was wrongful under Illinois law and denied him procedural due process in violation of 42 U.S.C. §1983. The first amended complaint was dismissed with prejudice on the ground of *laches*. Plaintiff appeals.

Plaintiff was employed as a deputy sheriff beginning in 1978. His employment predated the establishment of the Merit Board. (Ill. Rev. Stat. 1985, ch. 125, par. 52.) Plaintiff completed the deputy sheriff recruit training and probationary police officer's programs in April 1985. The Merit Board certified him as eligible for appointment as a full-time deputy sheriff on October 1, 1985. The Sheriff appointed plaintiff to the position of deputy sheriff on November 30, 1985. Plaintiff, like all appointees to the position of full-time deputy sheriff, then began serving a probationary period of 12 months during which he could be discharged at the will of the Sheriff. (Ill. Rev. Stat. 1985, ch. 125, par. 58.) Non-probationary deputy sheriffs, in contrast, can be discharged only for cause upon written charges and only after being given a Merit Board hearing. (Ill. Rev. Stat. 1985, ch. 125, par. 62.) Plaintiff was arrested by the Chicago police on May 17, 1986, during his probationary period, for the offense of assault. The Sheriff then began an investigation into the May 17 incident. As a result of the investigation, on December 1, 1986, the Sheriff ordered that plaintiff be suspended for 29 days. Plaintiff appealed the suspension order and prevailed in his appeal. However, on April 21, 1987, *i.e.*, after his probationary period, plaintiff was terminated as a result of the investigation. He filed his complaint for administrative review on August 3, 1988.

Opinion

On appeal, plaintiff first contends that his action was not barred by the doctrine of *laches* because, as in *People ex rel. Casey v. Health*

---

*Justice Freeman authored this opinion prior to his election to the Illinois Supreme Court.

*& Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108, 370 N.E.2d 499, there was a reasonable excuse for his delay in bringing suit to challenge his termination.

His delay was reasonable, plaintiff asserts, because after his termination and up to the filing of his original complaint, he was awaiting, first, the Merit Board hearing to which he knew he was entitled and, second, notification of the Merit Board's termination of him without having first notified him. Plaintiff thus reasons that defendants should be barred from asserting *laches* because his delay in bringing suit was caused by their wrongdoing, *i.e.*, failing to give the Merit Board hearing to which he was entitled before he could be terminated.

■ We reject plaintiff's analysis. Simply put, we find utterly illogical plaintiff's argument, in essence, that, although he knew he was entitled to a Merit Board hearing *before* he could be properly terminated, after defendants purported to terminate him and he ceased working as a deputy sheriff, he did not bring suit to challenge that termination because he was awaiting the Merit Board hearing to which he was entitled. The unreasonableness of plaintiff's justification for his delay in bringing suit is manifest, especially given the fact that plaintiff does not contend that he was misled or induced into believing that he would eventually be given a Merit Board hearing by anything the Sheriff or any of his agents said or did.

■ In arguing that his delay in bringing suit was reasonable, plaintiff notes that *laches* arises where there is, *inter alia*, a delay despite a plaintiff's knowledge of the facts upon which his claim is based (*Mitchell v. Simms* (1979), 79 Ill. App. 3d 215, 398 N.E.2d 211) or of the defendant's conduct and an opportunity to sue (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341). What we fail to see, however, is how plaintiff can seriously argue that he did not know the facts upon which his instant claim was based or did not know the conduct of defendants giving rise to that claim as of the moment defendants purported to terminate him without a Merit Board hearing. Such an argument is completely irreconcilable with plaintiff's admission that he knew he could be properly terminated only after a Merit Board hearing. We find plaintiff's excuse for his delay in bringing suit to challenge his termination completely unreasonable. Moreover, we find unavailing plaintiff's assertion that the Sheriff should be barred from asserting *laches* because plaintiff's delay was the result of the Sheriff's wrongdoing. This assertion is based on a misreading of the *Casey* decision, which we expand upon below.

■ We also find plaintiff's instant action barred on the ground of

*laches* due to the prejudice to the Sheriff resulting from the plaintiff's delay in bringing suit to challenge his termination.

Plaintiff asserts that the Sheriff was not prejudiced by his delay in bringing suit, despite the Sheriff's claim of prejudice in having to pay both plaintiff's back wages, if he were ultimately successful on his suit, and the wages of plaintiff's replacement. Plaintiff argues that the Sheriff was not induced or misled into hiring plaintiff's replacement by his delay in bringing suit. Plaintiff thus implies that, for prejudice to result to a public employer in this type of case, it must have hired a replacement employee in reliance upon the failure of a discharged employee to challenge his termination in a timely manner. This, however, is not the law as we construe it.

In *Kadon v. Board of Fire & Police Commissioners* (1964), 45 Ill. App. 2d 425, 195 N.E.2d 751, the pertinent issue was whether the suit of a fireman seeking promotion to lieutenant was barred by *laches*. In resolving that issue, the court reasoned:

> "[I]n civil service cases, where prolonged delay may easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties, time is an essential factor. The most stringent requirement timewise is in those cases brought by civil service employees to compel reinstatement and payment of back salaries after discharges alleged to be illegal. A rule has been established that if these actions are not brought within six months of the discharge they will be barred on the ground of laches, unless a reasonable explanation can be given for the delay." *Kadon*, 45 Ill. App. 2d at 430.

In *People ex rel. Sullivan v. Smith* (1971), 133 Ill. App. 2d 218, 272 N.E.2d 755, the court, in holding that a cause of action for reinstatement to the position of city housing inspector was barred by *laches*, stated, after citing the relevant case law, including the foregoing language from *Kadon*:

> "The instant case fits squarely within the rule enunciated in the above cases. Plaintiff introduced no evidence to explain his delay. Third persons have necessarily performed the duties of plaintiff's former position and have been compensated therefor. Plaintiff's request for reinstatement and compensation for the 19 months since the expiration of his leave of absence—at which time he could have brought this action—unquestionably prejudices defendant City of Chicago, which, if plaintiff were to succeed, would be required to pay for the same services twice over a substantial period of time. This is one of the reasons why delay alone is inherently prejudicial in cases of this type,

and gave rise to the 6-month laches rule." *Sullivan*, 133 Ill. App. 2d at 220.

In *Casey*, upon which plaintiff also relies for the second prong of his *laches* argument, the supreme court stated:

"The defendants contend that prejudice to an employer is inherent any time a public employee delays in seeking reinstatement because another person must be hired to replace the discharged employee. That is, if the employee succeeds in securing accrued back pay, the employer must pay him for services rendered by a third person and for which that third person had already been compensated. Thus, the longer the delay, the greater the burden on the employer. We recognize this risk and agree that the defense of *laches* should be available to an employer when sued by a discharged public employee." *Casey*, 69 Ill. 2d at 115.

The foregoing cases conclusively reveal that it is prejudice in the sense of having to pay both a replacement worker's salary during a former employee's delay in challenging his termination and that employee's back wages, if his challenge ultimately succeeds, which will justify application of *laches* to such a suit. It is not, as plaintiff asserts, prejudice in the sense of being induced to hire a replacement worker by the former employee's delay in challenging his termination which must exist to apply the doctrine of *laches*. As such, the fact that plaintiff's delay in challenging his termination did not induce the hiring of a replacement is irrelevant to the determination of prejudice to the Sheriff from plaintiff's delay in bringing suit. The prejudice to the Sheriff inherent in that delay cannot be ignored absent a reasonable excuse.

Although not cited by plaintiff, we must take issue with case law subsequent to *Casey* which seems to support plaintiff's position in the instant case.

The first such cause is *Chriswell v. Rosewell* (1979), 70 Ill. App. 3d 320, 388 N.E.2d 175. In *Chriswell*, the court rejected the argument that a county probation officer's claim for back pay was barred by the doctrine of *laches*. In so doing, the court reasoned that, based upon its citation to rules requiring proof of prejudice and injury from a delay in bringing suit, the *Casey* majority apparently rejected the contention, relied upon by the dissent therein, that the six-month rule barred recovery. *Chriswell*, 70 Ill. App. 3d at 326.

We believe the *Chriswell* court erred in concluding that the *Casey* court rejected the six-month rule which the dissent therein relied upon and which was applied in *Kadon* and *Sullivan* for two reasons.

The first is the *Casey* court's citation to the case of *Schultheis v. City of Chicago* (1909), 240 Ill. 167, 170, 88 N.E. 563, for the rule that, where an unreasonable delay is apparent on the face of a complaint, the plaintiff has an affirmative duty to set forth a valid excuse therefor, or the action may be barred by *laches*. We believe that in citing *Schultheis* for that rule, the *Casey* court implicitly reaffirmed the *Schultheis* court's own statement of that rule. That statement is:

> "In [*Clark v. City of Chicago* (1908), 233 Ill. 113, 84 N.E. 170,] we held that a member of the Chicago police force claiming to have been wrongfully removed would be barred by *laches* from his right to have the record of the civil service commissioners reviewed by *certiorari* if he delayed more than six months in beginning his suit unless the delay was satisfactorily explained by the petition for the writ." (*Schultheis*, 240 Ill. at 170.)

In light of the foregoing statement of the rule in *Schultheis*, we find it is manifest from the *Casey* court's restatement of the rule that it equated a six-month delay in bringing suits of this type as unreasonable *per se* and sufficient to constitute *laches* unless "a valid excuse therefor" was given.

The second reason why we must disagree with the *Chriswell* court that *Casey* rejected the six-month rule for bringing suits of this type is found in the passage from *Casey* which we have previously quoted and which culminates in the court's agreement with the defendants therein that *laches* should be available to a public employer sued by a discharged employee. We believe that that passage evinces a clear, albeit implicit, adoption of the rationale underlying the six-month rule (see *Kadon*, 45 Ill. App. 2d 425, 195 N.E.2d 751; *Sullivan*, 133 Ill. App. 2d 218, 272 N.E.2d 755) and thus of the rule itself.

The *Chriswell* court further erred when, based on its misreading of *Casey*, it reasoned that the trial court in the case before it erred in denying recovery solely on the basis of the plaintiff's delay in bringing suit because defendants had not shown that they were prejudiced by the delay. Specifically, it held that the mere assignment of work to another employee after the plaintiff's termination was insufficient to show prejudice to the employer unless it proved that it would have acted differently had the plaintiff sought prompt reinstatement. It also held that, in that case, the defendants would have been injured by their own wrongful conduct rather than the plaintiff's delay. *Chriswell*, 70 Ill. App. 3d at 326.

This reasoning of the *Chriswell* court was error for several rea-

sons. First, as we have already shown, the *Casey* court adopted, rather than rejected, the six-month *per se laches* rule unless the delay was satisfactorily explained. Secondly, in so reasoning, the *Chriswell* court failed to realize that the *Casey* court found that rule inapplicable in the case before it for reasons which were not present in *Chriswell* and, indeed, are not present in the vast majority of cases of the instant type, including this case.

Specifically, the *Casey* court declined to apply the rule for the following reasons: (1) the discharge of the plaintiffs therein was not an isolated incident but, rather, in furtherance of a general policy involving numerous employees; (2) the defendants had no intention of reinstating any employee who was discharged pursuant to their mandatory-retirement program unless and until it was ruled invalid by the Illinois courts in a suit predating that of the *Casey* plaintiffs; (3) immediate action by the plaintiffs would have been futile since the defendants undoubtedly would have sought and received a delay pending the outcome in the prior litigation. (*Casey*, 69 Ill. 2d at 115-16.)[1] Similarly, the court concluded that it was incumbent upon the defendant to come forward and demonstrate that the plaintiffs' delay had "otherwise" prejudiced it or induced it to change its position for the reason that it had been understood by the parties that the prior litigation was a test case which directly controlled the plaintiffs' claims and that the plaintiffs had intended to await the outcome of that litigation before bringing their actions. *Casey*, 69 Ill. 2d at 116.[2]

It is clear from the foregoing that *Casey* is *sui generis* and of little value in cases, such as *Chriswell* and the instant one, where: (a) discharges of public employees are isolated incidents and not in furtherance of some general policy of the employer; and (b) the parties are not awaiting the outcome of prior litigation which would be controlling of a later suit against the same employer. It is of little value because, contrary to the *Chriswell* court's understanding, it cannot categorically be said in such cases that the injury or prejudice to the public employer defendant therein results solely from his own wrongful conduct rather than the plaintiff's delay. That being the case, the *Chriswell* court clearly erred in relying upon *Casey* to conclude: (a) that it is insufficient prejudice to a public employer that another em-

---

[1] It was for these reasons that the court concluded that, if the plaintiffs recovered accrued back pay, the defendants would have been injured by their own wrongful conduct, which took the form of a wrongful retirement policy, not the plaintiffs' delay.

[2] In so holding, we believe the *Casey* court *implicitly* recognized that the prejudice to a public employer inherent in a wrongful termination suit brought later than six months thereafter was, alone, insufficient to bar the suit in the case before it.

ployee had done what it would have to compensate the plaintiff for, if successful, without a showing that it would have acted differently had the plaintiff acted promptly; and (b) that, unless that showing is made, the defendant's own wrongdoing would be the cause of its injury. In view of our analysis of *Casey*, we believe that *Chriswell* was wrongly decided and is of no support to plaintiff here.

In view of that analysis, we must also take issue with *Fruhling v. County of Champaign* (1981), 95 Ill. App. 3d 409, 420 N.E.2d 1066. *Fruhling* holds that the supreme court had never adopted the rationale of *Sullivan* that cases of reinstatement to public employment after a period of time are inherently prejudicial to the employer and that prejudice thus need not be specially proved in such cases. (*Fruhling*, 95 Ill. App. 3d at 417-18.) However, in so holding, the *Fruhling* court clearly failed to recognize the *Casey* court's implicit adoption of the rationale for the six-month rule underlying *Sullivan* and *Kadon*. *Fruhling* also cites *Casey* for the "generally accepted rule" that defendants must demonstrate prejudice before *laches* will be applied. (*Fruhling*, 95 Ill. App. 3d at 418.) In so doing, the *Fruhling* court failed to recognize that the *Casey* defendants were required to demonstrate that they were "otherwise" prejudiced by the plaintiffs' delay in seeking reinstatement, *i.e.*, suffered prejudice beyond that inherent in that delay, solely for reasons neither present in *Fruhling* nor in most cases of this type, including the instant one.

In view of the fact that the Sheriff hired a replacement for plaintiff two months after he was terminated, plaintiff's 15-month delay in seeking reinstatement and back pay was inherently prejudicial to the Sheriff and that prejudice was sufficient to warrant application of *laches* against plaintiff. The fact that the Sheriff did not hire plaintiff's replacement in reliance upon plaintiff's delay is immaterial.

Plaintiff lastly contends that *laches* is an equitable defense which, while applicable to his equitable claim for reinstatement to his former position, cannot be applied to the portion of his claim which is an action at law, *i.e.*, his claim for back pay. (*Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393.) In this regard, plaintiff seeks to distinguish such actions at law as petitions for writs of *mandamus* and *certiorari*, to which *laches* has been held applicable (*Schultheis*, 240 Ill. 167, 88 N.E. 563; *Casey*, 69 Ill. 2d 108, 370 N.E.2d 499) on the ground that such actions do not involve monetary claims such as his for back pay and are thus more equitable than legal in nature.

■ We reject plaintiff's analysis. Contrary to plaintiff's assertion, it is not black letter law that *laches* is inapplicable to actions at law.

Rather, it has been held that the doctrine is not strictly and unequivocally limited to suits in equity. (*Bays v. Matthews* (1982), 108 Ill. App. 3d 1112, 440 N.E.2d 142.) Moreover, in arguing that, unlike proceedings for the writs abovenoted, his action involves a monetary claim, plaintiff ignores that monetary claims for back pay are routinely brought as part of such proceedings. (See *Casey*, 69 Ill. 2d 108, 370 N.E.2d 499; *Sullivan*, 133 Ill. App. 2d 218, 272 N.E.2d 755; *Chriswell*, 70 Ill. App. 3d 320, 388 N.E.2d 175; *People ex rel. Ballinger v. O'Connor* (1957), 13 Ill. App. 2d 317, 142 N.E.2d 144.) *Laches*, being applicable to such proceedings notwithstanding the monetary claims made therein, is applicable to plaintiff's action in its entirety.

For all of the foregoing reasons, we affirm the order of the circuit court dismissing plaintiff's first amended complaint with prejudice.

Affirmed.

CERDA, P.J., and WHITE, J., concur.