JOSEPH L. LEE, Plaintiff-Appellant, v. THE CITY OF DECATUR *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0498

Argued November 16, 1993.—Opinion filed January 27, 1994.—Rehearing denied March 3, 1994.

Donald E. Brilley (argued), of Brilley & Lake, of Decatur, for appellant.

John W. Couter (argued), of Decatur, for appellee City of Decatur.

Edward Booth (argued), of Booth & Little, of Decatur, for appellee Decatur Civil Service Commission.

JUSTICE COOK delivered the opinion of the court:

Plaintiff Joseph L. Lee filed a complaint for *mandamus* to require defendants City of Decatur (City), Decatur Civil Service Commission (Commission), and Charles L. Phillips, Secretary of the Commission,

to hire Lee as a fire fighter and to award him back pay and other damages. The circuit court of Macon County dismissed the complaint as barred by the statute of limitations and *laches*. Lee appeals. We affirm on the basis of *laches*.

On April 7, 1988, Phillips notified Lee that Lee had successfully completed all the requirements of the Decatur fire department (Department) for the position of fire fighter and that Lee was ranked twenty-second of 57 applicants on the 1988 eligible register for that position. On November 23, 1989, Carroll Koch retired from his position as captain with the Department. Archie Lyle Meador III was the candidate next in line to replace Koch and plaintiff was second on the eligible register. On March 23, 1990, Robert Limberg resigned as a fire fighter with the Department. On April 5, 1990, the 1988 eligible register expired, although the two fire fighter positions remained unfilled. On August 16, 1990, the Department filled those two positions by hiring Meador and Nick Hughes.

Lee filed a complaint for *mandamus* on March 25, 1993, alleging that defendant Phillips, as human resources manager for the City, had the legal obligation upon Limberg's March 23, 1990, resignation to promptly notify the defendant Commission that two fire fighter positions were vacant, and the Commission thereafter was legally obligated to promptly certify Lee as one of the two candidates then standing highest on the eligible register. The complaint asserted both defendants failed to comply with their respective duties. Lee further alleged that defendants unlawfully waited until the 1988 eligible register expired and then hired Meador, who was highest on the expired register but not first on the new register, and Hughes, thereby passing over Lee. In his complaint, Lee requested that the court order his certification as the candidate standing highest on the present City fire fighter eligibility list and require that he be hired for the next vacancy; that the Commission waive the standard one-year probationary period in his case; that he be awarded back pay or wages, including the fair cash value of all benefits, from March 23, 1990, through the date he was hired as a fire fighter; and that he be granted the same seniority and pay structure he would have acquired had he been hired on March 23, 1990.

On April 26, 1993, the Commission filed a motion to dismiss, and defendants Phillips and the City filed another, nearly identical motion. Defendants asserted the statute of limitations, *laches*, and plaintiff's failure to state a claim sufficient in law. On May 14, 1993, the trial court granted the motions and dismissed the complaint with prejudice. This appeal followed.

■ Lee asserts that defendants' motions to dismiss, brought under

section 2—615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 110, par. 2—615)), were inappropriate, because "any defense '[t]hat the action was not commenced within the time provided by law' is reserved for [s]ection 2—619 motions to dismiss." (See 735 ILCS 5/2—619(a)(5) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)).) Generally, "a [section] 2—615 motion lies whenever the pleading is defective on its face." (4 R. Michael, Illinois Practice § 41.2, at 294 (1989).) Here, a three-year delay between the accrual of the cause of action and Lee's filing appeared on the face of the complaint, and defendants asserted *laches* in their section 2—615 motion to dismiss. In *People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108, 113, 370 N.E.2d 499, 501, where the plaintiffs sought writs of *mandamus* directing reinstatement with full seniority and back pay, the court stated:

> "Where *laches* is apparent on the face of a complaint and plaintiff has allegedly failed to set forth a reasonable excuse for the delay, 'there appears to be no reason why the defect cannot be raised by motion *so long as the motion specifically points out the defect complained of.*' " (Emphasis in original.) (*Casey*, 69 Ill. 2d at 113, 370 N.E.2d at 501, quoting *Holland v. Richards* (1955), 4 Ill. 2d 570, 573, 123 N.E.2d 731, 733.)

In their motions to dismiss, the Commission, and the City and Phillips noted the length of time which had elapsed between the actions complained of and the filing of the complaint, and the Commission charged that Lee "has not alleged any valid reason to explain the three-year delay." Both motions then asserted Lee's complaint was barred by *laches*. Given these facts, defendants' defense of *laches* was appropriately raised in their section 2—615 motions to dismiss.

■ Lee next contends the trial court improperly granted defendants' motion to dismiss because the court failed to take into account Lee's request for a jury trial. Lee again relies on language in section 2—619(c) of the Code, which requires the court to deny a motion if a material and genuine disputed question of fact is raised and if the party opposing the motion is entitled to, and has filed a demand for, a jury trial. (735 ILCS 5/2—619(c) (West 1992).) Questions of fact can never be resolved in a section 2—615 motion. Lee fails to allege, and we find no evidence of, a question of fact which would have required the court to deny defendants' section 2—615 motion.

■■ Lee's complaint is barred by the doctrine of *laches*. *Laches* is defined as "the neglect or omission to assert a right which, taken in conjunction with a lapse of time and circumstances causing prejudice to the opposite party, will operate as a bar to a suit." (*People ex*

*rel. Heavey v. Fitzgerald* (1973), 10 Ill. App. 3d 24, 26, 293 N.E.2d 705, 707, citing *People ex rel. Cronin v. Cahill* (1969), 118 Ill. App. 2d 18, 21, 254 N.E.2d 161, 162.) In civil service cases, a petition for *mandamus* must be filed within six months of the cause of action, unless plaintiffs set forth a reasonable excuse for the delay, or that petition will be barred by *laches*. (*People ex rel. Ballinger v. O'Connor* (1957), 13 Ill. App. 2d 317, 329, 142 N.E.2d 144, 149; see *Casey*, 69 Ill. 2d at 113, 370 N.E.2d at 501; *Schultheis v. City of Chicago* (1909), 240 Ill. 167, 170, 88 N.E. 563, 564; *Clark v. City of Chicago* (1908), 233 Ill. 113, 116, 84 N.E. 170, 172.) Determination of *laches* is left to the sound discretion of the trial court, and its decision will not be set aside absent a clear abuse of discretion. *James v. Board of Education of School District No. 189* (1990), 193 Ill. App. 3d 406, 414, 549 N.E.2d 1001, 1006; *Cronin*, 118 Ill. App. 2d at 26, 254 N.E.2d at 165.

■ Although *laches* was originally applied only to equitable actions, "it is not black letter law that *laches* is inapplicable to actions at law." (*Coleman v. O'Grady* (1990), 207 Ill. App. 3d 43, 51, 565 N.E.2d 253, 258.) In fact, in *Schultheis*, when counsel argued *laches* could be brought as a defense to equitable claims only, the court asserted, "[t]his is a mistake." (*Schultheis*, 240 Ill. at 170, 88 N.E. at 564.) *Schultheis* noted *laches* had properly been applied to *quo warranto* and *certiorari* proceedings, both of which are at law. (*Schultheis*, 240 Ill. at 170, 88 N.E. at 564; see also *Smith v. Intergovernmental Solid Waste Disposal Association* (1992), 239 Ill. App. 3d 123, 605 N.E.2d 654 (*laches* can be applied as a defense to declaratory judgment actions); *Rice v. Board of Fire & Police Commissioners* (1952), 345 Ill. App. 479, 103 N.E.2d 672 (abstract of opinion) (*laches* may be applied to a *certiorari* proceeding although it is action at law).) Furthermore, monetary claims for back pay have been brought as part of proceedings which were ultimately dismissed due to *laches*. (*Coleman*, 207 Ill. App. 3d at 52, 565 N.E.2d at 258; see *Casey*, 69 Ill. 2d 108, 370 N.E.2d 499; *People ex rel. Sullivan v. Smith* (1971), 133 Ill. App. 2d 218, 272 N.E.2d 755; *Ballinger*, 13 Ill. App. 2d 317, 142 N.E.2d 144.) Accordingly, as in *Coleman*, we believe *laches*, "being applicable to such proceedings notwithstanding the monetary claims made therein, is applicable to plaintiff's action in its entirety." *Coleman*, 207 Ill. App. 3d at 52, 565 N.E.2d at 258; *cf. Maksym v. Loesch* (7th Cir. 1991), 937 F.2d 1237 (under Illinois law *laches* was defense only in equity cases, not in suit for damages); *People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444, 462 N.E.2d 817 (*laches* was defense only in equity actions and could not bar paternity action).

Lee contends the trial court's determination that *laches* barred his complaint was an abuse of discretion. Lee does not offer an excuse

for the three-year delay between the asserted cause of action and the filing of his complaint, but focuses instead on the prejudice rung of the *laches* definition and argues defendants' failure to establish they have been materially prejudiced by the delay absolves him of *laches*. Lee cites *Murphy v. Rochford* (1977), 55 Ill. App. 3d 695, 702, 371 N.E.2d 260, 265, which required a party asserting the defense of *laches* to "show both that there was unreasonable delay in bringing the action [citation], and that the delay materially prejudiced him." In *Murphy*, the court declined to apply *laches* to bar the suit because the plaintiff, a former police lieutenant who sought payment of wages for the period of his suspension, "[was] not placing the department in any worse position than it would have been had he sought that same remedy immediately after he [later] resigned." *Murphy*, 55 Ill. App. 3d at 702, 371 N.E.2d at 266.

However, at least since *City of Chicago v. Condell* (1906), 224 Ill. 595, 598, 79 N.E. 954, 956, it has been held that prejudice to defendant is inherent in civil service cases, "where a detriment or inconvenience to the public will result." In *City of Chicago*, appellee, a former Chicago police patrolman, waited nearly 1¹/₂ years after his discharge to file a petition for a writ of *certiorari* directing the civil service commissioners to submit a record of their discharge proceedings to the circuit court for review. The court noted that if it restored appellee to his former position, appellee would have the right to demand back salary through the date of his restoration. "Where such consequences must result to the public," the court concluded a 1¹/₂-year delay between appellee's discharge and his filing the petition was unreasonable. (*City of Chicago*, 224 Ill. at 599, 79 N.E. at 956.) In *Sullivan* (133 Ill. App. 2d at 220, 272 N.E.2d at 756), the court held plaintiff's 19-month delay in bringing his action prejudiced defendant in that defendant, "if plaintiff were to succeed, would be required to pay for the same services twice over a substantial period of time."

Defendants in civil service cases need not establish material prejudice from plaintiff's delay in bringing suit "because prejudice as a result of passage of time is inherent in cases such as this and need not be specially proved." (*Sullivan*, 133 Ill. App. 2d at 220-21, 272 N.E.2d at 757.) In *Casey* (69 Ill. 2d at 115, 370 N.E.2d at 502), the court described the reason for labeling this prejudice "inherent":

"[I]f the employee succeeds in securing accrued back pay, the employer must pay him for services rendered by a third person and for which that third person has already been compensated. Thus, the longer the delay, the greater the burden on the employer. We recognize this risk and agree that the defense of *laches* should be available to an employer when sued by a discharged public employee."

(See also *Coleman*, 207 Ill. App. 3d at 47, 565 N.E.2d at 255; *Kadon v. Board of Fire & Police Commissioners* (1964), 45 Ill. App. 2d 425, 430, 195 N.E.2d 751, 753-54.) Even where a claim for back salary was not entered, the court has held that a delay of 16 months between a police officer's discharge and the filing of his complaint, where the complainant "does not offer any excuse for his leisurely attitude," acts as a bar to his suit. *People ex rel. Cifaldi v. Wilson* (1962), 38 Ill. App. 2d 302, 305, 187 N.E.2d 353, 354.

If defendants here were required to comply with all of Lee's demands, they would be prejudiced by paying double the salary and benefits of one fire fighter for three years. "The prejudice *** inherent in that delay cannot be ignored absent a reasonable excuse." (*Coleman*, 207 Ill. App. 3d at 48, 565 N.E.2d at 256.) Here, because Lee offered no excuse for his three-year delay in instituting suit, and because defendants were inherently prejudiced by that delay, we cannot say the trial court's determination that Lee's complaint was barred by *laches* was an abuse of its discretion.

Affirmed.

KNECHT and GREEN, JJ., concur.