STEPHEN ZOOK, Plaintiff-Appellee, *v.* EVERETT J. HEDRICK, Sheriff, *et al.*, Defendants-Appellants.

Fourth District   No. 14231

Opinion filed September 30, 1977.

Thomas J. Difanis, State's Attorney, of Urbana (James E. Souk, Assistant State's Attorney, of counsel), for appellants.

Edward H. Rawles, of Reno, O'Bryne & Kepley, of Champaign, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff Stephen Zook, a deputy sheriff of the defendant

Champaign County, was suspended without pay in December of 1974 for a period of 10 days by the defendant Sheriff Everett Hedrick. The plaintiff's suspension resulted in a loss of pay of $314.70. Under the rules of the Champaign County Sheriff's Department Merit Commission, the sheriff had the authority to suspend a deputy without pay for 10 days or less without filing formal charges against the deputy with the commission, but the sheriff was required to file a written report of the suspension with the commission. Further, no hearing was provided for in the rules of the commission. On December 27, 1974, the plaintiff requested a hearing before the commission for the purpose of reviewing the basis for his suspension. The commission informed the plaintiff that it would meet in the near future and would inform him of its decision on his request. However, nothing happened regarding the plaintiff's request.

On January 12, 1976, the plaintiff filed a demand with the commission for compensation for his lost wages. The commission met, reviewed the plaintiff's case, and concluded on January 29, 1976, that the plaintiff would receive no hearing and that the sheriff had acted in compliance with the rules of the commission in suspending the plaintiff.

Then, the plaintiff filed a small claims complaint on April 26, 1976, seeking recovery for his lost wages. Both sides moved for summary judgment, and the trial court entered judgment for the plaintiff and against the defendants in the amount of $314.70. The defendants appeal.

As preliminary points, we emphasize that this case is not an action for mandamus to compel a hearing but rather an action for lost wages and that the plaintiff did not receive a review of his suspension in which he was granted the opportunity to participate.

■■ ■ Both the plaintiff and the defendants have cited *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793, which case should guide us here. In *Kropel*, a member of the Chicago Police Department was similarly suspended for 30 days without notice or hearing. Such suspension was in compliance with the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1). After citing various provisions of the Municipal Code, the Personnel Code, and the State Police Act, the supreme court concluded:

> "[I]t is clear from the statutes and rules above set forth that the public policy of this State, regardless of any constitutional considerations, is that a disciplinary suspension of more than 1 week of scheduled working days cannot be levied without providing some means of review of the suspension. * * *
> * * *
> It is clear from all of the statutes and rules set forth above that a major difference between a suspension for less than 30 days and a suspension for more than 30 days is that the latter requires a

hearing before the sentence can be imposed. In effect, the department has the duty to go into a hearing and prove its case for suspension of more than 30 days. In the former instance, the burden is on the employee to seek review and establish why the suspension is unwarranted. Therefore, we hold that the plaintiff is entitled to an opportunity to review his suspension, and that, in order to uphold the suspension, it must be approved by a majority of the police board." (60 Ill. 2d 17, 25-27, 322 N.E.2d 793, 797-98.)

Here, the plaintiff was suspended for 10 days without the opportunity at any time to participate in a review of his suspension. Thus, under *Kropel* the suspension was improper.

Accordingly, the judgment of the trial court awarding plaintiff $314.70 in lost wages is affirmed.

Affirmed.

REARDON and SLATER, JJ., concur.