GREGORY HARPER, Plaintiff-Appellant, *v.* CITY MUTUAL INSURANCE COMPANY, Defendant-Appellee.—GOVERNOR FLOWERS, Plaintiff-Appellant, *v.* CALUMET MUTUAL INSURANCE COMPANY, Defendant-Appellee.—JOHN WILLIAMS, JR., Plaintiff-Appellant, *v.* CITY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)    Nos. 77-986, 77-1283, 78-451 cons.

Opinion filed December 26, 1978.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellants.

Alvin R. Becker and Jesmer and Harris, both of Chicago, for appellees.

Mr. JUSTICE BROWN* delivered the opinion of the court:
Gregory Harper, Governor Flowers, and John Williams, Jr.,

---

* This opinion was prepared by Justice Brown while assigned to the Illinois Appellate Court, First District.

commenced separate declaratory judgment actions to determine their rights under the uninsured motor vehicle provisions of a liability insurance policy issued by each defendant to plaintiffs' employers. Defendants moved to dismiss the action because each policy contained a provision which excluded such coverage if workmen's compensation benefits were available. The circuit court granted defendants' motions and final judgment was entered against each plaintiff. The plaintiffs' separate actions were consolidated on appeal.

The issues presented on appeal are (1) whether a claimant may be denied the right to seek recovery under the uninsured motor vehicle provision of his employer's insurance policy when that policy contains a clause which excludes such coverage if benefits are available under workmen's compensation insurance, and (2) whether plaintiff Williams' claim is barred by laches because he did not commence his action until nine years after he was injured. The pertinent facts follow.

Each plaintiff, while employed by a cab company and in the scope of his employment, sustained bodily injury when his cab was involved in a collision with an uninsured motor vehicle. Flowers' collision occurred in July of 1975; Harper's in May of 1973; and Williams' in August of 1968. Williams did not make a demand on defendant, City Mutual Insurance Company, until 1973. All three actions were commenced in 1977.

At the time of the collisions, there was in effect an automobile liability insurance policy issued by the defendants to each plaintiff's employer. As required by section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1967, ch. 73; par. 755a), the policies contained a clause providing the cab company with uninsured motor vehicle coverage with limits of $10,000/$20,000. The policies also contained a provision which stated:

"Uninsured motorist coverage shall not apply:

* * *

(d) To bodily injury of any employee of the named insured sustained while in the course of his employment, if benefits for bodily injury are available under workmen's compensation insurance."

At the time of the collisions, plaintiffs were covered by workmen's compensation insurance, although neither Harper nor Flowers made a claim under the Act. Williams, however, did make a claim and he received a $750 lump sum settlement.

Plaintiffs contend that they have a right to coverage under the uninsured motor vehicle provisions contained in the insurance policies issued by defendants to their employer. They maintain that the workmen's compensation clause excluding coverage is against public policy and in violation of section 143a of the Insurance Code (Ill. Rev. Stat. 1967, ch. 73, par. 755a).

Defendants maintain that this exclusionary clause does not contravene the uninsured motorist provisions of section 143a. They claim that the net effect of substituting the workmen's compensation remedy for the uninsured motorist remedy is to provide plaintiffs with uninsured motor vehicle benefits without the necessity of establishing fault, and without a $10,000 limitation on recovery. They further claim that this provision was approved by the Illinois Director of Insurance, and that such approval has persuasive effect.

■■ ■ While parties are generally free to make their own contracts, a statute which is in force at the time the policy is issued is controlling, and policy provisions in conflict with that statute are void. (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1st Dist. 1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355.) Furthermore, the approval of the Director of Insurance does not validate a provision which is in violation of a statute. *Bertini v. State Farm Mutual Automobile Insurance Co.*

■■ Therefore, in order to determine the validity of the exclusionary clause, an examination of section 143a of the Insurance Code is necessary. That section provides:

> "(1) On or after the effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *." (Ill. Rev. Stat. 1967, ch. 73, par. 755a.)

In *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, the supreme court stated that the purpose of this provision was to place the policyholder in substantially the same position he would have occupied if the wrongful driver had obtained the minimum liability insurance required by the financial responsibility law (Ill. Rev. Stat. 1965, ch. 95½, par. 7—101 *et seq.*).

Consequently, the pivotal issue before us is whether the exclusionary clause places the plaintiffs in substantially the same position they would have occupied if the wrongful driver had obtained the minimum liability insurance.

Our research reveals no Illinois case on point. Defendants erroneously cite *Ullman v. Wolverine Insurance Co.* as an analogous decision supportive of their position. In *Ullman,* the plaintiff brought a declaratory judgment action to determine whether a setoff provision in the defendant's insurance contract was void as against public policy. The provision allowed the defendant to deduct workmen's compensation payments made to the plaintiff-employee from the defendant's liability to him under uninsured motor vehicle coverage. The supreme court held that the provision was valid and not contrary to public policy, as the employee's position was the same as if the tortfeasor had carried the minimum insurance. If the tortfeasor had been insured, the employee would have been required to reimburse the employer from the insurance proceeds. The deduction provision did not cause the employee to have less financial protection than he would have had if the tortfeasor had been insured in the minimum amount. See also *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36.

■ In analyzing the exclusionary clause in defendants' policies, one can readily discern that the provision causes the plaintiffs to have less financial protection than they would have had if the wrongful driver had been insured in the minimum amount, and, therefore, they are not placed in substantially the same position as required under *Ullman.* For example, plaintiff Williams obtained a $750 lump sum settlement in his workmen's compensation claim. He also obtained a $6,000 judgment against the uninsured tortfeasor. Under *Ullman,* Williams would receive $5,250 from the uninsured motor vehicle carrier to bring his total to $6,000. If the exclusionary clause in defendants' policies were to be applied, Williams would receive nothing from the uninsured motor vehicle carrier since workmen's compensation benefits are available to him. If the tortfeasor had been insured, Williams could have recovered $6,000 from the tortfeasor's insurance company. He would then be required to pay $750 to the workmen's compensation carrier, leaving him with $5,250 from the tortfeasor and $750 from workmen's compensation, resulting in a net recovery of $6,000. Under defendants' policies, Williams would receive a net of $750. He obviously is not in substantially the same position he would have been if the tortfeasor had been insured. Accordingly, we find that the exclusionary clause contained in defendants' policies is in contravention of the provisions of 143a of the Insurance Code and void as against public policy.

The next issue presented for our consideration is whether plaintiff Williams' claim is barred by laches. Defendant, City Mutual Insurance Company, asserts that plaintiff did not notify defendant until five years and eight months after the collision occurred. Furthermore, plaintiff did

not file suit until nine years after the occurrence. As a result, defendant maintains that plaintiff is barred from bringing this action. Plaintiff contends that since the action is based on a legal theory, the 10-year contract statute of limitation applies and, since he filed his action within ten years, he is not barred from bringing this action. Plaintiff further contends that defendant's motion to dismiss plaintiff's action on the basis of laches was insufficient as defendant failed to specify the prejudice caused by the delay.

■■ The doctrine of laches is founded on the maxim that equity aids the vigilant and not those who slumber on their rights. (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341.) The mere delay in asserting a right does not constitute laches. The passage of time must have caused such a hardship to the defendant that granting relief to the plaintiff would be inequitable and unjust. *DeMarco v. University of Health Sciences* (1st Dist. 1976), 40 Ill. App. 3d 474, 352 N.E.2d 356; *Kay v. Village of Palatine* (1st Dist. 1970), 126 Ill. App. 2d 308, 261 N.E.2d 823.

Contrary to plaintiff's contention, laches is available as an affirmative defense in this declaratory judgment action. *Stern v. Material Service Corp.* (1st Dist. 1963), 44 Ill. App. 2d 198, 194 N.E.2d 511; see also *Cangelosi v. Board of Fire & Police Commissioners* (1st Dist. 1973), 12 Ill. App. 3d 799, 299 N.E.2d 151.

■■ Consequently, we must determine whether the record discloses sufficient evidence of prejudice which would give rise to the defense of laches. The motion to dismiss merely sets out the time elements. The record reveals that no evidentiary hearing was held to determine any disadvantage or hardship caused by the delay. Thus, one of the elements necessary for a finding of laches is wholly missing. A factual determination should be made as to whether the defendant has been prejudiced by the delay.

Accordingly, the judgments of the circuit court of Cook County in these three consolidated cases are reversed and the causes remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.