HENRY G. FRUHLING, Plaintiff-Appellant and Cross-Appellee, *v.* THE COUNTY OF CHAMPAIGN *et al.*, Defendants-Appellees and Cross-Appellants.

Fourth District   No. 16246

Opinion filed April 24, 1981.

WEBBER, J., dissenting.

Edward H. Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana, and Richard F. Record, Jr., and Richard C. Hayden, both of Craig & Craig, of Mattoon (Joseph D. Pavia, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from the trial court's ruling in a declaratory action suit for recovery of back pay and reinstatement.

The trial court held that plaintiff, a deputy sheriff, was improperly suspended and discharged by the sheriff of Champaign County. The court awarded plaintiff money damages for back pay to the date of the illegal discharge. The court denied plaintiff's claim for reinstatement and back wages for the period subsequent to the date of discharge on the theory of laches. Plaintiff appeals this latter portion of the trial court's order. Defendants cross-appeal the court's decision awarding any damages to plaintiff on the theory that plaintiff's entire claim is barred by laches. Alternatively, defendants cross-appeal for failure to allow setoffs from the amount awarded. Defendants also purport to "cross-appeal" several evidentiary rulings.

The events giving rise to this litigation are complex. It is necessary to set out in some detail the history of events. It should be noted that this court has taken judicial notice of its records from two previous appeals so that we have a complete chronology:

1. December 22, 1976    Champaign County Merit Commission suspends plaintiff for 180 days to begin January 1, 1977.

2. December 29, 1976    Petition for writ of *certiorari* filed with the Champaign County Circuit Court.

3. December 29, 1976    Order for writ of *certiorari* issued requiring Merit Commission to certify record to the trial court. Stay of enforcement order granted.

| | | |
|---|---|---|
| 4. | January 3, 1977 | County sheriff files motion to quash writ. |
| 5. | January 25, 1977 | Hearing on motion to quash. Sheriff requests stay order be vacated. Motion denied, stay in full force. |
| 6. | January 25, 1977 | On the same day, sheriff unilaterally suspends plaintiff for an undisclosed period of time. |
| 7. | January 26, 1977 | Plaintiff injured in automobile accident. |
| 8. | January 26, 1977 | Plaintiff files petition for rule to show cause why sheriff should not be held in contempt for violation of writ of *certiorari*. |
| 9. | February 22, 1977 | Hearing on rule to show cause held. |
| 10. | March 10, 1977 | Memo and opinion of trial court holds that sheriff is not in contempt because writ directed to Merit Commission and not to sheriff. |
| 11. | March 11, 1977 | Notice of interlocutory appeal filed. |
| 12. | July 14, 1977 | Letter from sheriff to plaintiff requesting information about plaintiff's physical condition and when plaintiff can return to work. |
| 13. | July 26, 1977 | Letter from plaintiff to sheriff stating he is ready to perform work but that doctors advise him not to place himself in a situation where he might have to perform work of a combative nature. Plaintiff also requests clarification as to whether suspension was for indefinite period or for the 180 days as ordered by the Commission. |
| 14. | August 3, 1977 | Sheriff in letter to plaintiff requests medical reports from doctors. Sheriff indicates that order of suspension of January 25, 1977, is self-explanatory. |
| 15. | August 29, 1977 | This court issues a Rule 23 order in case No. 14330 affirming the trial court's finding that the writ was directed only to the Merit Commission and not to the sheriff. |

16. September 2, 1977   Plaintiff's attorney forwards medical reports to sheriff and indicates that a lawsuit would soon be filed against the sheriff to test the legality of the suspension.

17. September 9, 1977   Sheriff informs plaintiff's attorney by letter that medical reports indicate plaintiff is unable to perform duties. Sheriff states that he will hold position open for three months.

18. September 12, 1977   Letter from chairman of Merit Commission to plaintiff's attorney and members of the Commission indicating that as of that date he has delivered transcript and record to the circuit court as per the December 29, 1976, order. The letter goes on to state that if none of the parties object, the Merit Commission could enter an order indicating that plaintiff had already served the 180 days' suspension. This suggestion was qualified in two respects. First, this offer was not to be construed as stating that the Commission was making any finding with regard to whether plaintiff was physically able to return to his duties. Second, the Merit Commission was making no decision or suggestion regarding the propriety of the sheriff's suspension of plaintiff on his own without proceeding through the Merit Commission procedures.

19. September 13, 1977   Mandate in No. 14330 issued.

20. May 24, 1978   Sheriff informs Merit Commission by letter that he had notified plaintiff by registered mail that his position was being held open for three months after September 9, 1977. Having not heard from plaintiff since that time, sheriff suggests that plaintiff's employment be terminated.

| | |
|---|---|
| 21. June 7, 1978 | Sheriff informs plaintiff's counsel that plaintiff is terminated as of that date because he failed to provide medical reports within three months saying he could resume his duties. |
| 22. August 23, 1978 | Circuit court affirms Merit Commission's suspension of plaintiff. Writ of *certiorari* dismissed. |
| 23. September 21, 1978 | Notice of appeal from the circuit court's ruling, case No. 15212, is filed with this court. |
| 24. April 10, 1979 | This court, in a Rule 23 order, affirms the circuit court's judgment affirming the Merit Commission's suspension of plaintiff. |
| 25. May 3, 1979 | In response to plaintiff's attorney's request for clarification of plaintiff's status from the Merit Commission, the chairman of the Commission advises plaintiff's attorney that the Commission has taken no official action with respect to plaintiff since the 180-day suspension was stayed by the circuit court in December of 1976. Commission acknowledges that they are aware that sheriff gave plaintiff notice of termination in June of 1978 and that this action was taken independently by the sheriff. |
| 26. May 7, 1979 | Mandate in No. 15212 stayed. |
| 27. May 8, 1979 | Plaintiff's attorney's letter to new sheriff of county indicates that plaintiff is ready, willing, and able to return to work. Letter notes that plaintiff had contacted the sheriff shortly after he took office to inquire about his status and advised sheriff that purported discharge of plaintiff was illegal. Letter concluded that suit would be filed within five days if plaintiff was not reinstated. |
| 28. May 16, 1979 | New sheriff indicates in letter to plaintiff's attorney that plaintiff would |

|  |  | not be automatically reinstated. New sheriff left open option of reemployment through ordinary means as positions became available. |
|---|---|---|
| 29. | May 24, 1979 | Plaintiff files complaint for declaratory and supplemental relief which is this cause of action. |
| 30. | June 5, 1979 | Petition for leave to appeal in No. 15212 filed with supreme court (No. 52905). |
| 31. | October 1, 1979 | Supreme court denies leave to appeal in No. 15212. |
| 32. | October 29, 1979 | Mandate in No. 15212 issued. |
| 33. | January 10, 1980 | Bench trial held in this case. |
| 34. | March 26, 1980 | Order of trial court in this case entered. |
| 35. | April 8, 1980 | Plaintiff files notice of appeal. |
| 36. | April 24, 1980 | Notice of cross-appeal filed. |

Plaintiff's complaint seeks a declaration of rights as to his status as a deputy sheriff. Plaintiff seeks back pay and reinstatement on the basis that the suspension and subsequent purported discharge of plaintiff by the sheriff were without legal authority. Defendants contend that laches apply. They assert that any cause of action the plaintiff had against the sheriff by reason of his actions arose when the sheriff wrote a letter to plaintiff in September of 1977 indicating that he would hold plaintiff's job open for three months. The lapse of time between that correspondence and this lawsuit, filed in May of 1979, is, in defendants' opinion, prejudicial and should bar relief.

Plaintiff counters that laches should not be applied because subsequent to his suspension by the Merit Commission he has been exhausting his judicial and administrative remedies. This process concluded, in plaintiff's opinion, with the filing of this court's Rule 23 order in April of 1979, affirming the Merit Commission's suspension. Plaintiff argues that he did not delay in filing this lawsuit. This suit was filed a little more than one month later.

The trial court concluded that the sheriff's suspension and discharge of plaintiff were in violation of the rules and regulations of the Merit Commission and in excess of his legal authority. The court held that under the Merit Commission rules, the sheriff could not terminate the plaintiff for any reason. The court awarded plaintiff back pay from the period of January 25, 1977, the date of the sheriff's suspension, to June 1978, the date of the sheriff's purported discharge of plaintiff.

The trial court, however, barred plaintiff's claims for salary subsequent to June 1978 on a theory of laches. The trial court held that the sheriff's termination of plaintiff's employment, though admittedly illegal,

was the act which constituted prejudice to the defendants for the purpose of applying laches. In addition, defendants argue that notwithstanding the applicability of laches, plaintiff by his inaction has impliedly resigned or abandoned his position as deputy sheriff.

■■ It is well established that an officer or employee unlawfully suspended is entitled to recover his salary loss during the period of suspension where the suspending officer is without authority, or having power, exerts it in a manner in contravention of statute. It is no defense that the employee has not done the work, for if the suspension is unlawful, the suspension is a mere forced vacation for which the employee must be paid as if he had never been suspended. (*Chriswell v. Rosewell* (1979), 70 Ill. App. 3d 320, 388 N.E.2d 175.) As an employee, plaintiff was entitled to his salary unless and until he was lawfully suspended or discharged. Plaintiff has a clear legal right to compensation absent the establishment of an affirmative defense.

■■ The doctrine of laches is available to an employer sued by a discharged public employee. (*People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 370 N.E.2d 499.) It is immaterial whether a dismissal or suspension is in conformity with the statute if the plaintiff is guilty of laches or is estopped by his conduct. *Chriswell.*

■■ The defense of laches, which is dependent upon the facts of each case, has been defined as such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (*Slatin's Properties, Inc. v. Hassler* (1972), 53 Ill. 2d 325, 291 N.E.2d 641.) A defendant must show prejudice or hardship rather than a mere passage of time for the defense of laches to apply. If the defendant is not injured by the delay, then plaintiff is not guilty of laches. *Harper v. City Mutual Insurance Co.* (1978), 67 Ill. App. 3d 694, 385 N.E.2d 75; *Chriswell*; *Casey.*

■■ We hold under the facts present in this record that plaintiff is not guilty of laches. Plaintiff has been in constant litigation concerning the propriety of the Merit Commission's suspension since 1977. That appeal process concluded little more than one month before the filing of the instant lawsuit.

Even though the sheriff's action and the Merit Commission's suspension are not the same for purposes of the granting of relief, the operative facts upon which they rely are essentially identical. The record demonstrates that the sheriff's suspension is inexorably entangled with the Merit Commission's suspension. This is demonstrated by the fact that the sheriff's suspension, under defendant's sworn statement, was pursuant to the Merit Commission's suspension order and was of a duration identical to that set by the Merit Commission. We hold that under the facts of this case,

plaintiff's delay in filing this lawsuit was reasonably explained by the fact that he was awaiting the outcome of prior litigation.

Laches should also not have been applied because defendant failed to show prejudice. The trial court held that the sheriff's illegal termination of plaintiff's employment was the act constituting prejudice to the defendants. We disagree.

The sheriff's suspension order of January 1977 and his letter unilaterally terminating plaintiff's employment are without legal authority and therefore void. The administrative procedures, rules and regulations of the Champaign County Sheriff's Department Merit Commission provide the exclusive means by which disciplinary measures may be exacted by the sheriff of the county. A sheriff may suspend without filing charges with the Commission for any reasonable period not to exceed a total of 30 days within a 12-month period. Suspensions in excess of 30 days may only be made after charges against the member have been filed with the Commission. No other disciplinary measures may be taken by the sheriff except by order of the Commission.

■■ It is unquestioned that the sheriff followed none of the above regulations when he unilaterally suspended and subsequently terminated plaintiff's employment. The sheriff's failure to comply with procedural rules of the Merit Commission is a jurisdictional question which renders his actions void. *Edwards v. City of Marion* (1970), 130 Ill. App. 2d 895, 266 N.E.2d 491; *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 334 N.E.2d 325.

■■■ Laches is an equitable doctrine which requires that the party who seeks equity must do equity. We hold that defendants cannot have been prejudiced by reason of their commission of an unauthorized illegal act. Equity will not permit defendants to justify one improper unauthorized act by commission of yet another. One who has defrauded his adversary to his injury in the subject matter of the action will not be heard to assert a right in equity. See *Mills v. Susanka* (1946), 394 Ill. 439, 68 N.E.2d 904; *Keessen v. Zarattini* (1970), 119 Ill. App. 2d 284, 256 N.E.2d 377.

■■ Since the illegal discharge was not a prejudicial act to defendants, they have failed to show how they were prejudiced and laches should not have been applied. The present sheriff of Champaign County testified that even though plaintiff was allegedly terminated in 1978, a replacement for him was not hired until June of 1979, a month after plaintiff filed this suit for declaratory judgment.

■■ Defendants' reliance on *People ex rel. Sullivan v. Smith* (1971), 133 Ill. App. 2d 218, 272 N.E.2d 755, for the proposition that cases of reinstatement after a period of time are inherently prejudicial to the governmental body and prejudice need not be specifically proved, is misplaced. This holding is in derogation of the clear weight of authority to the contrary that prejudice

is a necessary element of laches which must be proved. Moreover, neither the First District nor our supreme court has subsequently adopted the rationale of *Sullivan*. We adopt the generally accepted rule that defendants must demonstrate prejudice before laches will be applied. *People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 370 N.E.2d 499; *Chriswell v. Rosewell* (1979), 70 Ill. App. 3d 320, 388 N.E.2d 175.

We also reject defendants' mutually exclusive claim that plaintiff has impliedly resigned or abandoned his position as the deputy sheriff because he did not respond to the sheriff's request to get together and plan for plaintiff's return to work following the unauthorized suspension. While one may impliedly resign or abandon a particular office of public employment, and though the two concepts are not identical, effective resignation or abandonment requires an intention to relinquish the employment accompanied by an unequivocal act of relinquishment. (*City of Chicago ex rel. Martin-Trigona v. O'Malley* (1978), 69 Ill. 2d 474, 372 N.E.2d 671.) We hold that defendants have not demonstrated that plaintiff had any intention of relinquishing his position as the deputy sheriff. Plaintiff's continuous extended litigation of this issue over the past three years demonstrates that plaintiff did not intend to dissolve his relationship with the Champaign County Sheriff's Department.

Since the suspension and termination were improper and defendants have failed to prove any affirmative defense, plaintiff is lawfully entitled to his salary. (*Zook v. Hedrick* (1977), 52 Ill. App. 3d 736, 367 N.E.2d 1356.) We affirm that part of the trial court's order granting plaintiff his salary to the date of termination. We reverse that portion of the trial court's order denying plaintiff's salary subsequent to that date and return the case to the trial court for trial on the issue of damages. Though plaintiff is entitled to his lawful salary subsequent to January 25, 1977, the date he was suspended, that award is subject to all applicable setoffs to which defendants are legally entitled. For this reason we also reverse that portion of the trial court's order denying setoffs to the amount actually awarded by the trial court.

Finally, we make no finding with regard to whether plaintiff is entitled to reinstatement as a deputy sheriff. The record before us does not contain sufficient evidence to make such a determination. We remand to the circuit court for such a determination.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP, P. J., concurs.

Mr. JUSTICE WEBBER, dissenting:

I cannot concur in the majority opinion. It seems to me that laches on part of the plaintiff is clear and no explanation for the delay is offered. I agree that the sheriff had no power to discharge the plaintiff and that his action was void, but this does not excuse the plaintiff from taking some action about it.

I do not read *Casey* as broadly as does the majority. *Casey* apparently arrived at its conclusion because there was a test case on appeal which would directly govern it. Such is not the case here. Plaintiff was litigating his suspension and whatever the outcome of that, it could not be *res judicata* on the discharge. He might just as well have been appealing a traffic citation.

It long has been established in Illinois that discharged public employees seeking review of their discharges must file their complaints for review within six months of the time of discharge or offer a good explanation in their complaint the reasons why it was not filed within that six-month period. (*Clark v. City of Chicago* (1908), 233 Ill. 113.) In *Casey*, the court could infer a satisfactory explanation for the delay from the face of the complaint. No such satisfactory explanation for the delay is present in the instant case. The plaintiff was perfectly willing to litigate his *prima facie* valid suspension by the merit commission which possessed the power of suspension, but for some reason, unexplained, he took no action judicial or otherwise, concerning the sheriff's purported discharge for almost two years. He is now guilty of laches.

The well established six-month rule was grounded, in part, upon the theory that cases of reinstatement after a period of time are inherently prejudicial to the governmental body. (*Kadon v. Board of Fire & Police Commissioners* (1964), 45 Ill. App. 2d 425, 195 N.E.2d 751; *People ex rel. Sullivan v. Smith* (1971), 133 Ill. App. 2d 218, 272 N.E.2d 755.) I must disagree with the majority opinion that the six-month rule has now been rejected. As the six-month rule was not addressed in *Casey*, I can only conclude that it is still good law.